UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
APR 19 2010
CLERK, U.S. BANKRUPTCY,
ORLANDO DIVISION

In re: **MARIA M. IRIZARRY**

Debtor

Case # **6:04-bk-08215-KSJ**

Chapter **13**

## MOTION FOR PAYMENT OF UNCLAIMED FUNDS

JM Partners LLC, ("Applicant" or "Petitioner" and "Assignee") as Assignee of Old Canal Financial Corporation (Assignor"), hereby petitions the Court to enter an order directing payment of unclaimed funds in the amount of **$ 8330.85** being held in the Registry of the Clerk, United States Bankruptcy Court. In support of this Application, Applicant respectfully represents as follows:

1) I am petitioning to receive the total amount of **$ 8330.85**, which is the sum of all monies deposited with the Court by the case trustee on behalf of the Creditor - **Old Canal Financial Corporation**. The Creditor has subsequently filed for bankruptcy itself, and the Assignment to Assignee was provided by Sarsenstone Corporation, the Master Pool Trustee and Liquidation Agent for Old Canal Financial, by Stewart Williams, its Chairman.

2) I am the **Managing Member** of **JM Partners LLC**, who is the successor-in-interest to the creditor named in paragraph 1, and I have enclosed evidence of my identification. I am aware of all pertinent law requirements regarding the recovery of unclaimed funds, and I am solely responsible for the recovery of such funds on behalf of **JM Partners LLC.** I also attest to the following information:

**CURRENT CORRECT PHYSICAL ADDRESS FOR PETITIONER:**

John J. Marshall / Managing Partner
JM Partners LLC
12201 Gayton Road, Suite 220
Richmond, VA  23238-8203
804-740-2972 Phone

**LISTING OF ORIGINAL CREDITORS ADDRESS IN REGISTRY:**

Old Canal Financial
PO Box 29890
Anaheim, CA 92809

**CURRENT CORRECT ADDRESS FOR ORIGINAL CREDITOR:**

Sarsenstone Corporation, *as successor-in-interest to* Old Canal Financial
ATTN: Stewart Williams
PO Box 1231
Lake Gregory, CA 92325-1231
Phone 909-338-9080

**BRIEF HISTORY:**

The Original Creditor was due a dividend of **$ 8330.85**, which was apparently mailed to the Original Creditor at the above referenced address. The Creditor had subsequently filed for bankruptcy protection, and changed addresses accordingly, and the Trustee in that matter neglected to update the Court or Trustee, thus leading to the unclaimed funds.

The petitioner found the Trustee of the Original Creditor's estate and offered to either act as an Agent for a recovery of the Unclaimed Funds, or, at the Original Creditors option, to Purchase an assignment of his full rights, title and interest in the account. The Original Creditor – thru its own appointed Master Pool Trustee and Liquidation Agent - informed petitioner of his selection of the latter option, and appropriate documents were drafted and forwarded for execution. Upon receipt of appropriate executed documents (copies of which are included herewith), and at Closing of the transaction, the purchase funds for the full purchase price was paid and the ownership transferred.

The petitioner is, by the evidence included herewith – and by testimony herein under the penalty of perjury – the full rightful and legal owner of the Unclaimed Funds account due to the debtor, and hereby submits this petition for the payment of those funds.

3) I understand that, pursuant to 18 U.S.C. 152, I may be fined not more than $5,000, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document.

**Respectfully** submitted this ___15___ day of ___April___, 2010.

_____
Signature of Applicant/Petitioner
**John J. Marshall / Manager**
**JM Partners LLC, Assignee**
**PO Box 29940**
**Richmond, VA 23242-0940**
**Phone 804-740-2972**

76-0726906
FIN # for JM Partners LLC

xxx-xx-6885
Social Security # of John Marshall

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: **MARIA M. IRIZARRY**             Case # **6:04-bk-08215-KSJ**

Debtor                                    Chapter **13**

## ORDER DIRECTING RELEASE OF UNCLAIMED FUNDS

This case came before the Court upon the motion filed by **JM Partners LLC, as Assignee of Sarenstone Corporation, itself the successor-in-interest to Old Canal Financial Corporation (hereinafter "Creditor" or "Applicant")**, a party in the above referenced case, for release of funds being held in the Court's registry account of unclaimed funds. Upon consideration the Court finds that the party has furnished all necessary documentation and otherwise has complied with the requirements for release of the unclaimed funds.

IT IS ORDERED that the motion is granted and that the Clerk of Court shall pay the unclaimed funds in the amount of **$ 8330.85** to **JM PARTNERS LLC, Assignee, PO Box 29940, Richmond, VA 23242-0940.**

DATED: _____

_____
**United States Bankruptcy Judge**

Copy furnished to Financial Administrator
United States Attorney

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re: **MARIA M. IRIZARRY**  
Debtor

Case # **6:04-bk-08215-KSJ**  
Chapter **13**

## CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on __4/15/10__ the following parties were served, via first class mail, of the intent of **JM Partners LLC (as Assignee of Sarsenstone Corporation, itself the successor-in-interest to Old Canal Financial Corporation ("original Creditor"))** ("Claimant") whose mailing address is **PO Box 29940, Richmond, VA 23242-0940**, to apply for the release of unclaimed funds in the above named case:

**United States Attorney**  
ATTN: Civil Procedures Clerk  
400 N. Tampa Street Ste 3200  
Tampa, FL 33602

**ORIGINAL CREDITOR:**  
Old Canal Financial Corporation  
c/o Weneta M. Kosmala, Trustee  
PO Box 16279  
Irvine, CA 92623

**Sarsenstone Corporation**  
ATTN: Stewart Williams  
PO Box 1231  
Lake Gregory, CA 92325-1231

Laurie K. Weatherford, Trustee  
PO Box 3450  
Winter Park, FL 32790

Respectfully submitted:

John J. Marshall / Managing Member  
JM Partners LLC, Assignee  
PO Box 29940  
Richmond, VA 23242-0940  
(804) 740-2972

# JM Partners LLC
# PO Box 29940
# Richmond, VA 23242-0940

Phone 804-740-2972  
Fax 804-740-2973  
Email jmarshall@jmpartnersllc.com

April 15, 2010

US Bankruptcy Court District of Middle Florida  
Office of the Clerk – Financial Section  
135 West Central Boulevard, Suite 950  
Orlando, FL 32801

**RECEIVED APR 1 9 2010 CLERK, U.S. BANKRUPTCY ORLANDO, FL**

RE: CASE # 04-08215 Irizarry

Gentlemen –

Please find enclosed a full, complete *Application for the Release of Unclaimed Funds* – along with required supporting documentation – all relating to the case referenced above.

You will note that in this instance, we are filing not as a Recovery Agent, but rather as the successor-in-interest, or Assignee, via our purchase of a full and complete Assignment of the account in question, with evidence of same included.

If you have any questions about this filing please do not hesitate to let me know via phone, fax, email or regular mail, all as noted above. Otherwise, on behalf of our firm, I appreciate your assistance with the processing of this item!

Very truly yours,

John J. Marshall  
Managing Member

---

*I apologize for these being so lengthy – but in light of the "nature" of this particular filing I simply could not see that the "chain of ownership" could be truly complete if I eliminated anything herein!*

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

HOLDER: USBC FL Middle
CASE # 04-08215
CLAIMANT: JM Partners LLC, Assignee

| | |
|---|---|
| Evidence of Funds Deposit by Trustee | 1 |
| Complete Assignment Package | 2 |
| Affidavit of John J. Marshall / Managing Member of JM Partners LLC | 3 |

**Brief History Statement & Recap of Supporting Evidence:**

*Old Canal Financial Corporation* was the original creditor ("Creditor") in this case. Creditor filed for bankruptcy protection after filing the claim in this case, its address changed accordingly – but the Trustee for Creditor neglected to update same with the Court or Trustee, leading to the unclaimed funds.

JM Partners LLC ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Trustee, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. Sarsenstone Corporation – acting as the Master Pool Trustee and Liquidation Agent for Creditor – subsequently decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

Prepared & Submitted by:

JM Partners LLC
PO Box 29940
Richmond, VA 23242-0940
Phone 804-740-2972
jmp.financial@verizon.net

UNITED STATES BANKRUPTCY COURT
Middle District of Florida
Orlando Division

| | |
|---|---|
| Maria M. Irizarry | Case Number: 6:04-bk-08215-KSJ |
| | Chapter 13 |
| Debtor | |

### Report of Unclaimed Funds

COMES NOW, Laurie K. Weatherford, Trustee, and respectfully shows that, pursuant to orders dismissing cases, orders of conversion, and orders of distribution, as shown below, she has made distribution of all monies received. All checks have cleared with the exception of the following:

| Check Nbr. | Amount | Claimant Name & Address |
|---|---|---|
| 1057920 | $2,959.75 | Old Canal Financial, P.O. Box 29890, Anaheim, CA 92809 |
| 1057920 | $5,371.10 | Old Canal Financial, P.O. Box 29890, Anaheim, CA 92809 |

1. That the distribution mailed to the above-listed claimants at the address listed above has either been returned by the United States Postal Service marked "Forwarding Time Expired/Unable to Forward" or the Trustee has stopped payment on all outstanding checks.

2. Those checks which were undeliverable by the United States Postal Service are in the Trustee's files.

3. Pursuant to the provisions of 11 U.S.C., Section 347, these funds are now being turned over to the Court.

4. That the Trustee has attached hereto funds totaling $8,330.85 for this case, which is payable to Clerk, U.S. Bankruptcy Court/Court Registry.

5. That the Claimant which is entitled to these funds is listed above at their address as listed in the Court's records.

6. A copy of this notice and the original check has been sent to the U.S. Bankruptcy Court, c/o Financial Administrator, 801 North Florida Ave., Suite 727, Tampa, FL 33602-3899.

Respectfully submitted on this 20th day of November, 2009.

/S/ Laurie K. Weatherford
Laurie K Weatherford
Chapter 13 Trustee
Samuel R Pennington
Attorney for Trustee
FL Bar No. 0779326
PO Box 3450
Winter Park, FL 32790
Telephone: 407-648-8841
Facsimile: 407-648-2665
E-mail: info@c13orl.com

*handwritten: 8330.85 / 6664.68*

Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

HOLDER: USBC FL Middle
CASE # 04-08215
CLAIMANT: JM Partners LLC, Assignee

| | # |
|---|---|
| Purchase & Assignment of Interest | 1 |
| Bill of Sale | 2 |
| Affidavit of Assignor | 3 |
| Photo ID | 4 |
| Evidence Items as Required, including | 5 |
| Exhibit A) Evidence of Sarsenstone Corp being the legal successor to Old Canal | 6 |
| Exhibit B) Evidence of Stewart William's position and authority with Assignor | 7 |
| Exhibit C) Evidence linking Old Canal to address on unclaimed funds remittance, as well as to the Debtor in this case | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

*Old Canal Financial Corporation* was the original creditor ("Creditor") in this case. Creditor filed for bankruptcy protection after filing the claim in this case, its address changed accordingly – but the Trustee for Creditor neglected to update same with the Court or Trustee, leading to the unclaimed funds.

JM Partners LLC ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Trustee, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. Sarsenstone Corporation – acting as the Master Pool Trustee and Liquidation Agent for Creditor – subsequently decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

Prepared & Submitted by:

JM Partners LLC
PO Box 29940
Richmond, VA 23242-0940
Phone 804-740-2972
jmp.financial@verizon.net



# PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **April 10, 2010** by and between **Sarsenstone Corporation, Master Pool Trustee and Liquidation Agency of the Estate of Old Canal Financial Corporation, ATTN: Stewart Williams, PO Box 1231, Lake Gregory, CA 92325-1231, Phone 909-338-9080** (itself the hereinafter "Seller") and **JM Partners LLC, ATTN: John J. Marshall / Managing Member, with a mailing address of 12201 Gayton Road, Suite 220, Richmond, VA 23238-8203** (hereinafter "Buyer").

## RECITALS

A. Seller was a Creditor in **Bankruptcy Case # 6:04-bk-08215 (Debtor: Maria M. Irizarry)** as was filed in the **United States Bankruptcy Court for the Middle District of Florida** (hereinafter the "Bankruptcy Case"). In the capacity as creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 8330.85** (hereinafter "Funds"), which remittance was attempted by the Trustee at the debtor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of the interest in such Funds - Seller desires to legally Sell and Assign the interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

## ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 8330.85** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the Middle District of Florida**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 6664.68** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

## ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

## ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date:
(a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement.
(b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this

Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party defined in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

IF TO SELLER:
**Sarsenstone Corporation**
**ATTN: Stewart Williams**
**PO Box 1231**
**Lake Gregory, CA 92325-1231**
**Phone 909-338-9080**

IF TO BUYER:
**JM Partners LLC**
**ATTN: John Marshall / Mng Mmber**
**12201 Gayton Road, Suite 220**
**Richmond, VA 23238-820**
**Phone 804-740-2972**

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Seller: _____
Stewart Williams/Chairman
FOR: Sarsenstone Corporation

Buyer: _____
John J. Marshall/Mng Mmbr
FOR: JM Partners LLC

# BILL OF SALE

| SELLER: | Sarsenstone Corporation<br>ATTN: Stewart Williams<br>PO Box 1231<br>Lake Gregory, CA 92325-1231<br>Phone 909-338-9080 |
|---|---|

In consideration of the sum of:

**Six Thousand Six Hundred Sixty-Four Dollars & 68/100   ($6664.68)**

I, **Stewart Williams, acting in my capacity of Chairman of Sarsenstone Corporation, itself the Master Pool Trustee and Liquidation Agency for the Estate of Old Canal Financial Corporation** (and hereinafter "Seller"), hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy claim – as well as the Unclaimed Funds Account in the amount of **$ 8330.85** that was generated by same via Trustee's Deposit to the Unclaimed Funds Registry of the US Bankruptcy Court to: **JM Partners LLC, (hereinafter referred to as BUYER), of 12201 Gayton Road, Suite 220, Richmond, VA  23238-8203 (MAIL: PO Box 29940, Richmond, VA  23242-0940).**

CLAIM INFORMATION / ITEM(S) BEING SOLD:

| Debtor: | Maria M. Irizarry | Case # | 04-08215 |
|---|---|---|---|
| Court: | US Bankruptcy Court for the Middle District of Florida | Chapter: | 7 |

| Type | Amount | Filed By / Comments |
|---|---|---|
| Claim | $17,274.65 | FCI National Lender Services, subsequently Assigned to Old Canal Financial Corporation |

Signature – Stewart Williams/Chairman

Subscribed and Sworn before me this _____ day of _____, 2010

Notary Public: _____

My Commission Expires: _____



L. G. BRISTER
COMM. # 1791488
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
MY COMM. EXP. FEB. 27, 2012

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re: **MARIA M. IRIZARRY**  
Debtor

Case # **6:04-bk-08215-KSJ**  
Chapter **13**

## AFFIDAVIT

I, **Stewart Williams, acting in my capacity as Chairman of Sarsenstone Corporation, itself the Master Pool Trustee and Liquidation Agency for Old Canal Financial Corporation (and hereinafter "Creditor" or "Seller" or "Assignor")**, are the legal representative of Old Canal Financial Corporation with respect to this matter, and thus are owed the funds due in this case – and for purposes of this Affidavit, the creditor entitled to the unclaimed funds that are now on the Registry of Unclaimed Funds - and declare as follows:

1) Creditor has been made aware of the fact that it is due certain funds in the amount of **$ 8330.85** which the Trustee attempted to send to Creditor at the last known address, and as is referenced in the case. The address changed subsequent to the claim filing, and the Trustee in the Old Canal Financial Corporation case apparently neglected to update the Court or Trustee, leading to the unclaimed funds. Evidence of my identification, authority and appropriate case/claim linkage is included herewith.

2) Creditor has not previously sold or assigned this account, nor the rights to the account to any other party, and is still the owner of the account, is entitled to payment, and is selling all such rights and entitlement solely to **JM Partners LLC.** Creditor has no pending application for the release of the funds due, nor contracted with any party for the recovery of such funds. Therefore, Creditor has knowingly and consciously decided to sell and assign any and all interest in such funds to **JM Partners LLC**, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement. We hereby grant all interest in such funds to **JM Partners LLC,** and agree to provide any further court required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

*Stewart Williams / Chairman*  
*Sarsenstone Corporation*

Sworn & Subscribed to before me on this 13th day of April, 2010

NOTARY PUBLIC

State of CA  County of San Bernardino  
My Commission Expires on: 2/27/12



L. G. BRISTER  
COMM. # 1791488  
NOTARY PUBLIC - CALIFORNIA  
SAN BERNARDINO COUNTY  
MY COMM. EXP. FEB. 27, 2012

